UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Francisco Melo-Cordero,

        Plaintiff,

-against-

Shaddai Transport LLC et al.,

        Defendants.

1:21-cv-04837 (LAK) (SDA)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-11-2023

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

Pending before the Court is a motion filed by Defendant Windell Robinson ("Robinson") to vacate the default judgment entered against him and for leave to file an answer with third-party complaint. (ECF No. 88.) This Order only addresses that aspect of Robinson's motion that seeks to vacate the default judgment.[1]

No party has filed any opposition to Robinson's motion insofar as it seeks to vacate the default judgment. Defendant Amazon Logistics, Inc. expressly "takes no position" with respect to that aspect of Robinson's motion. (ECF No. 96, at 1.)

In determining whether to vacate a default judgment, the Court considers whether the default was willful, whether the movant has a meritorious defense, and whether the vacatur of the default would prejudice the party who obtained the judgment. *E.g.*, Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984).

---

[1] The Court leaves to Magistrate Judge Aaron to decide the non-dispositive issue with regard to Robinson's filing an answer with third-party complaint.

This case involves a motor vehicle accident that occurred while Robinson was driving a truck during the course of his employment. The papers before the Court indicate that, shortly after he was served with the Summons and Amended Complaint in this action in August 2022 (ECF Nos. 65 & 66), Robinson sent a letter seeking to have his employer defend him in this action. (ECF No. 88-3.) Thereafter, the default judgment was entered against him. His default therefore does not appear to have been willful.

The standard that governs determination whether a movant in these circumstances has a meritorious defense is not exacting. Robinson has satisfied it.

While Plaintiff might conceivably be prejudiced by the vacatur of the judgment as to Robinson, any such inference is undercut by his failure to oppose the motion. In any case, the foregoing considerations outweigh any prejudice that he might suffer.

Accordingly, the default judgment entered against Robinson at ECF No. 79 is vacated. Robinson shall respond to the Amended Complaint on a date set by Magistrate Judge Aaron after he decides the remaining aspect of the pending motion.

**SO ORDERED.**

Dated:   New York, New York
         May 1#, 2023

_____
Lewis A. Kaplan
United States District Judge