UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FRANCISCO MELO–CORDERO,

                 Plaintiff,

           -against-                           21-CV-4837 (LAK)

WINDELL I. ROBINSON, et al.,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 4/24/25 |

*(Corrected)* **ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff Francisco Melo-Cordero brought this diversity action against defendants Windell Robinson ("Robinson"), FTVY Logistics LLC ("FTVY"), Shaddai Transport LLC ("Shaddai"), Shaddai Transport of NJ ("Shaddai-NJ") and Amazon Logistics, Inc. ("Amazon"). In his answer to the Second Amended Complaint ("SAC"), Robinson brought a cross claim against all of his co-defendants.[1]

       On March 14, 2025, plaintiff filed a letter stating that he had settled the entire action against all defendants,[2] and the Court dismissed the case the same day.[3] On March 17, 2025, counsel

---

[1]          Dkt 153 at 10. Plaintiff later filed another document labeled "Second Amended Complaint" that dropped plaintiff's claims against Shaddai and Shaddai-NJ. Dkt 154. Robinson's answer to that amended complaint maintained a cross-claim against Shaddai and Shaddai-NJ. Dkt 157 at 10.

[2]          Dkt 180.

[3]          Dkt 181.

2

for Robinson filed a letter advising the Court that he intended to pursue his cross-claim against the other defendants.[4]

Robinson first stated his cross-claim in his answer to the Second Amended Complaint.[5]  Robinson's answer states that he is "a natural person residing in the State of New Jersey."[6]  According to the SAC, Shaddai-NJ is a "single member limited liability corporation incorporated in the State of New Jersey whose member is a citizen of New Jersey,"[7] and FTVY "is a New Jersey limited liability corporation whose member is a citizen of New Jersey . . . ."[8]

Based on these representations, there is not complete diversity between the parties with respect Robinson's cross-claim.  Furthermore, the cross-claim does not allege that the amount in controversy exceeds $75,000.[9]  Accordingly, the cross-claim does not satisfy the diversity jurisdiction requirements.

"The question whether to exercise supplemental jurisdiction following the pretrial disposal of the jurisdiction-conferring claim is addressed to the sound discretion of the district court.

---

[4]     Dkt 182.

[5]     Dkt 157 at 10.

[6]     *Id.* ¶ 3.

[7]     Dkt 152 ¶ 9.

[8]     *Id.* ¶ 14.

[9]     *See Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975))).

3

The exercise of such discretion requires consideration of 'judicial economy, convenience, and fairness to litigants.'"[10]

Here, the pertinent factors weigh against the exercise of supplemental jurisdiction. This dispute is governed by state law. In the absence of diversity, there is no substantial federal policy that would be advanced by retaining jurisdiction. The Court's investment of time and resources in the matter is not so extensive as to warrant retention on that ground. The discovery taken by the parties is readily available for use in the state courts. There is, moreover, a decided preference for dismissal of supplemental claims when the jurisdiction-conferring claims are disposed of prior to trial.

Accordingly, the Court concludes that the exercise of supplemental jurisdiction over the cross-claims should be declined.

The action is dismissed for lack of subject matter jurisdiction. The clerk shall close the case.

SO ORDERED.

Dated:        April 24, 2025

_____

Lewis A. Kaplan
United States District Judge

---

[10] *Nat'l Westminster Bank, PLC v. Grant Prideco, Inc.*, 343 F. Supp. 2d 256, 258 (S.D.N.Y. 2004) (footnote omitted) (quoting *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998)).